**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

PHUSION PROJECTS, LLC                                                    PLAINTIFF

v.                                        No. 5:12CV0413 KGB

M.K. DISTRIBUTORS, INC.                                              DEFENDANT

## OPINION AND ORDER

This matter is before the Court on defendant M.K. Distributors, Inc.'s ("M.K.") motion for partial summary judgment (Dkt. No. 9) and plaintiff Phusion Projects, LLC's ("Phusion") motion for leave to file second amended complaint (Dkt. No. 15). For the reasons that follow, M.K.'s motion for partial summary judgment is denied, and Phusion's motion for leave to amend is granted.

### I.        Background and Procedural History

Phusion entered into a distributorship agreement with M.K. under which Phusion granted M.K. the exclusive right to distribute certain alcoholic beverages manufactured by Phusion to various Arkansas retailers. Phusion alleged in its original and amended complaints that the distributorship agreement was executed on November 6, 2009, and that the agreement gave M.K. the exclusive right to distribute Phusion's products in Pulaski County, Arkansas. A copy of the November 6, 2009, distributorship agreement (the "November Agreement") signed by Jaisen Freeman, one of Phusion's officers, is attached to Phusion's amended complaint.

M.K. filed an answer and counterclaim on December 5, 2012, alleging that Phusion breached the November Agreement when it granted another wholesaler exclusive distributorship rights in Pulaski County. M.K. admits executing the November Agreement but states that it was unaware that Phusion signed it until the filing of Phusion's complaint. M.K. states that it was led

to believe that the November Agreement was not acceptable to Phusion, that it was never executed by Phusion, and that it was required to execute a separate agreement, which it did on December 15, 2009 (the "December Agreement").  A copy of the December Agreement, signed by George Makris, M.K.'s president, is attached to M.K.'s answer and counterclaim.

Phusion filed an answer to M.K.'s counterclaim on December 26, 2012.  Phusion admits that it was unwilling to enter into the terms of the November Agreement and that the November Agreement was never delivered.  Phusion further states that the November Agreement was executed in error, never represented a meeting of the minds between the parties, and has never been the agreement under which the parties conducted business.

M.K. filed its motion for partial summary judgment on January 8, 2013.  M.K. argues that Phusion's allegations regarding the November Agreement in the original and amended complaints constitute binding admissions that entitle M.K. to summary judgment on its counterclaim.  Phusion responded to M.K.'s motion and, on January 29, 2013, sought leave to amend its complaint to allege a breach of the December Agreement, maintaining that it attached the November Agreement by mistake.  In support of its position, Phusion submits affidavits from Mr. Freeman and another officer, Chris Hunter.

Mr. Freeman states in his affidvit that Mr. Hunter handled the negotiations leading up to the execution of the parties' agreement in 2009.  Mr. Hunter states in his affidavit that he specifically refused to enter into an agreement that would have awarded M.K. distribution rights in Pulaski County and that it was never Phusion's intent to grant M.K. such rights.

In a December 16, 2010, email to Mr. Makris, Mr. Hunter discusses Phusion's award of distribution rights in Pulaski County to another wholesaler.  Mr. Hunter states that he did not

promise to consult with M.K. prior to awarding the other territories and that if the other vendor had passed, "we would have been speaking about Pulaski."

Mr. Freeman states in his affidavit that he was asked by Philip Morgeson, Phusion's counsel, in late 2012, to provide a copy of the parties' agreement.  When he could not readily locate it, Mr. Morgeson forwarded a copy of a contract that was signed by M.K. but had not been executed by Phusion.  Mr. Freeman signed the contract, backdating it to November 9, 2009, and returned it to Mr. Morgeson.  Mr. Freeman states he thought he was simply affirming the contract that was already in place.

On September 19, 2012, Mr. Morgeson wrote to Duke Fakouri of M.K. requesting that M.K. release its distribution rights.  The letter references a September 17, 2012, email from Mr. Fakouri to Eric Schaper of Phusion regarding the release of distribution rights previously assigned to M.K. in a Distributorship Agreement dated November 6, 2009.  In a second letter dated November 2, 2012, Mr. Morgeson informed George Makris of M.K. that Phusion was terminating its commercial relationship with M.K. in accordance with its rights under the Distributorship Agreement between Phusion and M.K. dated November 6, 2009.

## II.     Analysis

M.K. contends that Phusion's allegations regarding the November Agreement in the original and amended complaints constitute binding admissions that entitle M.K. to summary judgment on its counterclaim and that Phusion should not be allowed to amend its complaint to avoid summary judgment.

### A.     M.K.'s Motion for Partial Summary Judgment

Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and

that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-moving party to establish by "specific facts" that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986). An issue of fact is material only if it could affect the outcome of the case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

M.K. relies on *West Run Student Housing Associates, LLC v. Huntington National Bank*, 2012 WL 1739820 (W.D. Pa. May 15, 2012), for its contention that Phusion's allegations regarding the November Agreement constitute binding admissions. In *West Run*, Huntington was the lender for a student housing project sponsored by plaintiffs. The loan agreement explicitly conditioned Huntington's obligation to fund construction advances upon plaintiffs' obtaining 29 Qualified Sales Agreements for condominium units. Plaintiffs sued Huntington for breach of contract when Huntington refused to make the final construction advance. In their complaint, plaintiffs alleged that they had achieved presales with nonrefundable deposits for 27 of the 38 units. Huntington moved to dismiss the complaint based on plaintiffs' allegation that it had only obtained 27 of the required 29 Qualified Sales Agreements. In response to Huntington's motion, plaintiffs amended the complaint to omit any reference to the pre-sale requirement. The district court held that plaintiffs were bound by the admissions in their original complaint, and granted Huntington's motion.

While M.K.'s motion for partial summary judgment was pending, the Third Circuit Court of Appeals, noting the general rule that judicial admissions may be withdrawn by amendment, reversed the district court's dismissal of the complaint. *West Run Student Housing Assocs., LLC*

4

*v. Huntington Nat'l Bank*, 712 F.3d 165, 172-73 (3d Cir. 2013); *see generally* 8B Wright & Miller, *Federal Practice and Procedure* § 2264 (3d ed. 2010) ("The general rule with regard to a pleading that has been withdrawn is that it can no longer be used as a conclusive judicial admission but that it is admissible in evidence at the instance of the adversary as an evidentiary admission, with the party who made the admission free to explain why it was made and withdrawn.").

In the Eighth Circuit, allegations in pleadings "are in the nature of judicial admissions binding upon the parties, unless withdrawn or amended." *Missouri Housing Dev. Comm'n v. Brice*, 919 F.2d 1306, 1314 (8th Cir. 1990). Once abandoned or superseded through amendment, however, the pleading "is out of the case, so far as admissions by rule of pleading are concerned, and . . . may be taken advantage of . . . only by introducing the pleading, or so much of it as contains the admission, in evidence." *Fruco Constr. Co. v. McClelland*, 192 F.2d 241, 245 (8th Cir. 1951); *accord Sunkyong Int'l, Inc. v. Anderson Land & Livestock Co.*, 828 F.2d 1245, 1249 n.3 (8th Cir. 1987) ("An abandoned or superseded pleading no longer serves any function in the case, but may be introduced into evidence as the admission of a party.").

Phusion retracted whatever admissions it made regarding the November Agreement when it filed its answer to M.K.'s counterclaim. In its answer, Phusion admits it was unwilling to enter into the terms of the November Agreement and that the November Agreement was never delivered. It further states that the November Agreement was executed in error, never represented a meeting of the minds between the parties, and has never been the agreement under which the parties conducted business. "Where . . . the party making an ostensible judicial admission explains the error in a subsequent pleading or by amendment, the trial court must

accord the explanation due weight." *Sicor Ltd. v. Cetus Corp.*, 51 F.3d 848, 859-60 (9th Cir. 1995).

The Court concludes that Phusion's statements in its answer regarding the November Agreement preclude M.K. from using Phusion's allegations in its prior pleadings as conclusive judicial admissions. *See, e.g.*, *First Bank of Marietta v. Hogge*, 161 F.3d 506, 510 (8th Cir. 1998) (holding that statements from plaintiff's abandoned state court pleadings did not constitute binding judicial admissions); *Sicor*, 51 F.3d at 860 (holding that plaintiff retracted its judicial admission regarding an alleged oral agreement by subsequently recharacterizing the agreement in its opposition to defendant's motion for summary judgment); *Fruco*, 192 F.2d at 245 (holding that defendant's original answer, which was not introduced into evidence, admitting plaintiffs' allegation that plaintiffs were employees of defendant should not have been considered where defendant subsequently amended its answer to deny the allegation).

The Court further concludes that Phusion's allegations regarding the November Agreement, although evidence of a breach of contract, do not entitle M.K. to summary judgment on its counterclaim. With the affidavits of Jaisen Freeman and Chris Hunter, Phusion has carried its summary judgment burden of demonstrating the existence of a genuine issue of material fact. For these reasons, M.K.'s motion for partial summary judgment is denied.

### B.    Phusion's Motion to Amend

Where an amendment is not sought as a matter of course, a party may amend its pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). "The Court should freely give leave when justice so requires." *Id.* While parties do not have an absolute right to amend their pleadings, the court should not deny leave to amend unless there are "compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to

cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005).

Phusion seeks to amend its complaint to allege a breach of the December Agreement. M.K. opposes the amendment, repeating the arguments it makes in its summary judgment papers regarding judicial admissions. M.K. maintains that the undisputed facts undermine Phusion's contention that inclusion of the November Agreement in the original and amended complaints was a paperwork error. It notes that Mr. Morgeson, Phusion's counsel, wrote to M.K. on September 19, 2012, and again on November 2, 2012 regarding the November Agreement. It also points out that Phusion failed to cure its alleged mistake when it amended its complaint on November 7, 2012.

Phusion argues, and the Court agrees, that M.K. will not be unduly prejudiced by the amendment. Having filed a counterclaim, M.K. can continue to maintain its claim that Phusion breached the November Agreement. Moreover, M.K. was aware of Phusion's position regarding the November Agreement prior to filing its motion for partial summary judgment. *See Federal Deposit Ins. Corp. v. Prusia*, 18 F.3d 637, 640 (8th Cir. 1994) (determining that preparing a summary judgment motion in reliance upon an erroneous Rule 36 admission does not constitute prejudice). While Phusion did not include what it contends is the correct agreement in its amended complaint, the Court finds that its failure to do so is not the result of any bad faith or dilatory motive.

Phusion has shown good cause for amending its complaint. *See, e.g.*, *Alliance Solutions, Inc. v. Quest Software, Inc.*, 2012 WL 692883 (D. Md. March 1, 2012) (examining the issue of good cause to amend on similar facts). Phusion's motion for leave to file second amended

complaint is granted.  Phusion is directed to file the proposed second amended complaint within ten days of the date of this Order.

* * *

For the foregoing reasons, M.K.'s motion for partial summary judgment is denied (Dkt. No. 9), and Phusion's motion for leave to file second amended complaint is granted (Dkt. No. 15).  Phusion is directed to file the proposed second amended complaint within ten days of the date of this Order.

SO ORDERED this 10th day of May, 2013.

Kristine G. Baker
United States District Judge